# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO. 1:10-cv-02090-AWI-SKO |
| Plaintiff, | **ORDER REGARDING PROOF OF DAMAGES** |
| v. | |
| ANGELINA CARREON HERRERA, | |
| Defendant. | |

## I.  INTRODUCTION

On January 10, 2010, Plaintiff, J & J Sports Productions, Inc. ("Plaintiff"), filed a motion for default judgment against Defendant, Angelina Carreon Herrera, dba El Pio Pio ("Defendant"). (Doc. 8.)

## II.  FACTUAL BACKGROUND

Plaintiff filed the instant action on November 9, 2010. (Doc. 1.) The complaint alleges violations of 47 U.S.C. §§ 605 and 553, as well as causes of action for conversion and for violation of the California Business and Professions Code section 17200, *et seq*. The suit is based on Defendant's alleged unlawful interception, receipt, and exhibition of *"'Firepower': Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fighting Program"* (the "Program"), a boxing

match that took place and was broadcast on November 14, 2009. (Doc. 1, ¶¶ 9, 12.) According to the complaint, Plaintiff was the exclusive commercial distributor of the Program. (Doc. 1, ¶ 9.)

Count I of the complaint asserts a violation of 47 U.S.C. § 605 (Unauthorized Publication or Use of Communications) alleging that Defendant knowingly intercepted, received, and exhibited the Program for purposes of direct or indirect commercial advantage or private financial gain. (Doc. 1, ¶¶ 8-16.) Plaintiff seeks $100,000 in statutory damages as well as attorneys' fees and costs. (Doc. 1, ¶ 17.) Count II alleges a violation of 47 U.S.C. § 553 (Unauthorized Reception of Cable Services) based upon the same allegations. (Doc. 1, ¶¶ 18-21.) Plaintiff requests $60,000 in statutory damages, as well as attorneys' fees and costs. (Doc. 1, ¶ 22.) Count III states a claim for conversion alleging that Defendant tortiously obtained possession of the Program and wrongfully converted it for her own benefit. (Doc. 1, ¶¶ 23-25.) As to Count III, Plaintiff seeks compensatory damages, exemplary damages, and punitive damages. (Doc. 1, ¶ 26.) Count IV alleges a violation of the California Business & Professions Code § 17200, *et seq*. (Doc. 1, ¶¶ 27-34.) As to Count IV, Plaintiff seeks restitution, declaratory relief, injunctive relief, and attorneys' fees. (Doc. 1, ¶¶ 35-36.)

On December 20, 2010, the summons as to Defendant Angelina Carreon Herrera was returned showing that service of the summons and complaint was executed on December 5, 2010. (Doc. 5.) Defendant failed to respond to the complaint by the December 27, 2010, due date. On December 30, 2010, pursuant to Plaintiff's request, the Clerk entered default against Defendant. (Doc. 7.) On January 10, 2010, Plaintiff filed a motion for default judgment against Defendant. (Doc. 8.)

**III.   DISCUSSION**

For purposes of default judgment, the complaint's factual allegations regarding liability are taken as true, but allegations as to damages must be proven. Fed. R. Civ. P. 55(b)(2) (court may conduct hearings or make referrals when, to enter default judgment, it needs to determine the amount of damages); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). Here, Plaintiff requests that the Court enter default judgment in the amount of $2,200 as damages for conversion. However, Plaintiff has offered no proof substantiating these conversion damages.

1  For example, there is no declaration stating what the cost of purchasing the Program would have
2  been had the program been purchased from Plaintiff.  Therefore, the Court requests that Plaintiff file
3  proof of damages supporting the monetary amount it seeks for conversion.
4      Accordingly, it is HEREBY ORDERED THAT Plaintiff shall file proof of conversion
5  damages on or before **February 15, 2011**.

7  IT IS SO ORDERED.
8  **Dated:    February 8, 2011**              /s/ **Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE